No. 25-ICA-279 – *Harvey Bellomy and Nancy Bellomy v. Falcon Ridge Unit Owners' Association, Inc.*

**FILED**

**June 10, 2026**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

WHITE, Judge, dissenting:

I respectfully dissent from that portion of the majority opinion holding that the Falcon Ridge Declaration of Covenants and Restrictions is unenforceable as to the Bellomys' property.

I agree with the majority that the record presents a significant problem. The declaration references "Schedule A-1" as the document identifying the property included within the common-interest community, yet Schedule A-1 does not appear in the record before this Court. I further agree that West Virginia Code § 36B-2-105(a)(3) requires a declaration to contain a legally sufficient description of the real estate included within the common-interest community.

I disagree, however, that the omission of Schedule A-1 renders the declaration unenforceable as a matter of law.

The Uniform Common Interest Ownership Act ("the Uniform Act") prescribes the contents of a declaration. It does not provide that a declaration becomes void or unenforceable whenever one of those requirements is imperfectly satisfied. Nor am I

1

aware of any decision of our Supreme Court holding that a recorded declaration becomes unenforceable as a matter of law because of a deficiency of this nature.

The absence of Schedule A-1 creates uncertainty concerning the scope of the declaration, not its existence. The declaration was recorded and plainly reflects an intent to create a common-interest community. The question presented by the missing exhibit is what property was intended to be included within that development.

For that reason, I find *Jubb v. Letterle*, 185 W. Va. 239, 406 S.E.2d 465 (1991), instructive. Although *Jubb* did not arise under the Uniform Act, it addressed uncertainty concerning the property affected by recorded restrictions. There, the Supreme Court held that "[t]he fundamental rule in construing covenants and restrictive agreements is that the intention of the parties governs." Syl. Pt. 3, in part, *id.* The Court explained that such intent is gathered from the instrument itself, the surrounding circumstances, and the objects the covenant was designed to accomplish.

The majority correctly observes that *Jubb* did not address the statutory requirements for creating a common-interest community. Nonetheless, nothing in the Uniform Act suggests that the principles recognized in *Jubb* are inapplicable where uncertainty exists concerning the property subject to a recorded declaration.

The record reflects that some deeds within Falcon Ridge specifically referenced the declaration and expressly subjected identified lots to its restrictions, while others did not. The record also reflects a longstanding course of conduct concerning the development and use of property within Falcon Ridge. Whether those facts establish that particular tracts were intended to be included within the declaration is not a question that can be resolved solely by reference to the missing exhibit.

Rather, the missing exhibit creates an ambiguity that should be resolved by the circuit court through examination of the declaration, subdivision plats, chains of title, prior conveyances, and other competent evidence bearing upon the intent of the declarant and subsequent parties.

Whether the Bellomys' property was intended to be included within the declaration is a question the present record does not answer with certainty. That determination should be made by the circuit court after considering the relevant evidence and making the necessary factual findings. Because I would remand for that purpose rather than hold the declaration unenforceable as a matter of law, I respectfully dissent.